RECEIVED
STATESVILLE, NC
JUL 20 2005
Clerk, U. S. Dist. Court
W. Dist of N. C.

FILED
STATESVILLE, N.C.
AUG 2 2005
U.S. DISTRICT COURT
W. DIST. OF NC

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA

Case No. 5:04cv49

|  |  |
|---|---|
| FEDERAL TRADE COMMISSION, | ) |
| Plaintiff, | ) |
| vs. | ) |
| TELEPHONE PROTECTION AGENCY, INC., a North Carolina corporation; | ) |
| ROBERT THOMPSON, a/k/a GREG THOMPSON, individually and as an officer of TELEPHONE PROTECTION AGENCY, INC.; | ) |
| REBECCA PHILLIPS, individually and as an officer of TELEPHONE PROTECTION AGENCY, INC.; and | ) |
| ALEX MCKAUGHN, individually and as an officer of TELEPHONE PROTECTION AGENCY, INC., | ) |
| Defendants. | ) |

**STIPULATED JUDGMENT AND ORDER FOR PERMANENT INJUNCTION
AS TO DEFENDANT ALEX MCKAUGHN**

Plaintiff, the Federal Trade Commission ("FTC" or "Commission"), commenced this action by filing its Complaint for permanent injunction and other relief pursuant to Sections 5, 13(b), and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45, 53(b), and 57b, charging that the Defendants engaged in unfair or deceptive acts or practices in violation of Section 5 of the FTC Act, 15 U.S.C. § 45, and the FTC's Rule entitled "Telemarketing Sales

Rule" (the "TSR" or the "Rule"), 16 C.F.R. Part 310. The Commission and Defendant Alex McKaughn hereby agree to the entry of this Stipulated Judgment and Order for Permanent Injunction ("Order").

THEREFORE, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## FINDINGS

1. This Court has jurisdiction over the subject matter and the Defendant pursuant to 28 U.S.C. §§ 1331, 1337(a), and 1345, and under 15 U.S.C. §§ 45(a), 53(b), 57b, 6102(c), and 6105(b). Venue is proper as to the Defendant in the Western District of North Carolina under 28 U.S.C. §§ 1391(b) and (c), and 15 U.S.C. § 53(b).

2. The activities of the Defendant were in or affecting commerce, as defined in Section 4 of the FTC Act, 15 U.S.C. § 44.

3. The Complaint states a claim upon which relief may be granted to the FTC under Sections 5(a)(1), 13(b) and 19 of the Federal Trade Commission Act ("FTC Act"), 15 U.S.C. §§ 45(a), 53(b), and 57b.

4. Defendant does not admit that he has engaged in any unfair or deceptive acts or practices that violate Section 5(a) of the FTC Act, 15 U.S.C. § 45(a), but is settling this action in order to avoid the risk, delay and expense of litigation. This Order therefore does not constitute, and shall not be interpreted to constitute, an admission that Defendant is liable for any of the unfair or deceptive acts or practices alleged in the Complaint.

5. Defendant has entered into this Order freely and without coercion. Defendant further acknowledges that he has read and understands the provisions of this Order, and is prepared to abide by them.

6. Defendant waives all rights to seek judicial review or otherwise challenge or contest the validity of this Order. Defendant further waives and releases any claim that he may have for attorneys' fees as a prevailing party under the Equal Access to Justice Act, 28 U.S.C. § 2412, as amended by Pub. L. 104-121, 110 Stat. 847, 863-64 (1996), and any claim he may have against the Commission, its employees, representatives, or agents.

7. Entry of this Order in settlement of this action is in the public interest.

## DEFINITIONS

For the purpose of this Order, the following definitions shall apply:

1. "Asset" means any legal or equitable interest in, or right or claim to, any real and personal property, including without limitation, chattels, goods, instruments, equipment, fixtures, general intangibles, leaseholds, mail or other deliveries, inventory, checks, notes, accounts, credits, contracts, receivables, shares of stock, and all cash, wherever located.

2. "Defendant" means Alex McKaughn, except as otherwise indicated.

3. "Document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure 34(a), and includes emails, writings, drawings, graphs, charts, photographs, audio and video recordings, computer records, and other data compilations from which information can be obtained and translated, if necessary, into reasonably usable form through detection devices. A draft or non-identical copy is a separate document within the meaning of the term.

4. "Person" means a natural person, organization or other legal entity, including a corporation, partnership, proprietorship, association, or cooperative, or any other group or combination acting as an entity.

5. "Telemarketing" means any plan, program, or campaign (whether or not covered by the Telemarketing Sales Rule, 16 C.F.R. Part 310), that is conducted to induce the purchase of goods or services by means of the use of one or more telephones.

## ORDER

### I. PERMANENT BAN

**IT IS THEREFORE ORDERED** that Defendant Alex McKaughn is permanently restrained and enjoined from engaging or participating in, or assisting or facilitating, any telemarketing of any kind, in any manner or capacity whatsoever, directly or indirectly, individually or through any corporation, subsidiary, division, or other device.

### II. PROHIBITION AGAINST MISREPRESENTATIONS

**IT IS FURTHER ORDERED** that in connection with the advertising, promotion, offering for sale, or sale of goods or services by any means whatsoever, Defendant, and each of his successors, assigns, officers, agents, servants, employees, and those persons in active concert or participation with him who receive actual notice of this Order by personal service, facsimile, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined from making, directly or by implication, orally or in writing, any false or misleading representation or omission, or assisting others in making any such false or misleading representation or omission, including false or misleading representations or omissions about material aspects of the performance, efficacy, nature or central characteristics of a product or service that is the subject of a sales offer, such as representations that:

A. Consumers will receive fewer telemarketing calls, or none at all, as a result of purchasing Defendant's products or services;

B. Defendant can or will register a consumer with, or enroll him or her in, any federal, state or private list or program to prevent or limit unsolicited telemarketing calls, including the National Do Not Call Registry maintained by the FTC;

C. Defendant can or will protect or enhance a consumer's privacy or the confidentiality of the consumer's personal financial information by any means, including:

    1. Notifying telemarketers, direct and electronic mail marketers, credit reporting agencies or any other entity not to sell or lease the consumer's name, telephone number, address, bank account number, or credit or debit account number to any person or company under any circumstances; and

    2. Notifying list brokers to stop selling or leasing the consumer's name, telephone number, address, bank account number, or credit or debit account number;

D. Defendant can or will reduce, prevent or halt unsolicited marketing offers from reaching a consumer, including telemarketing calls, unsolicited commercial email or regular mail; and

E. A consumer will receive an EZ Hang Up Device, TeleZapper or other device, program or software designed, marketed or represented to reduce or stop telemarketing calls or unsolicited commercial email from reaching the consumer.

### III. PROHIBITION AGAINST UNAUTHORIZED BILLING

**IT IS FURTHER ORDERED** that, in connection with the advertising, promotion, offering for sale or sale of goods or services by any means whatsoever, Defendant, and each of his successors, assigns, officers, agents, servants, employees, and those persons in active concert or

participation with him who receive actual notice of this Order by personal service, facsimile, or otherwise, whether acting directly or indirectly through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined both from submitting a charge to a consumer's credit or debit card or bank account and from otherwise billing a consumer:

A.  Without having clearly and conspicuously disclosed to the consumer all material terms and conditions of the transaction; and

B.  Without having previously obtained the consumer's express written authorization for any such charge, debit or billing in a document that includes the consumer's signature.

## IV. RIGHT TO REOPEN

**IT IS FURTHER ORDERED** that:

A.  Plaintiff's agreement to and this Court's approval of this Stipulated Judgment is expressly premised upon the truthfulness, accuracy and completeness of the financial statements and information provided by Defendant Alex McKaughn in sworn financial statements dated October 16, 2003, and May 24, 2004, all of which include material information upon which the Commission relied in negotiating and consenting to this Stipulated Judgment.

B.  If, upon motion by the Commission, this Court finds that Defendant Alex McKaughn made a material misrepresentation or omitted material information concerning his financial condition, such as failing to disclose any material asset or materially misstating the value of any asset, then the Court shall: (1) enter a modified judgment holding the Defendant personally liable to the Commission for the amount of $672,717.85, which the Plaintiff and Defendant stipulate is the amount of consumer injury caused by Defendant; and (2) make an express determination that there is no just reason for delay in entry of judgment. This amount shall

become immediately due and payable, together with interest computed at the rate prescribed under 28 U.S.C. § 1961, as amended, and Plaintiff may execute upon such judgment immediately and engage in discovery in aid of execution.

C. Defendant Alex McKaughn agrees that the facts as alleged in the Complaint filed in this action shall be taken as true in any subsequent litigation filed by the Commission to enforce its rights pursuant to this Stipulated Judgment, whether or not it is modified pursuant to Paragraph IV.B above, including but not limited to a nondischargeability complaint in any bankruptcy proceeding. In the event this matter is reopened pursuant to this Paragraph IV, Defendant shall have no right to seek modification or abrogation of this Stipulated Judgment and Order for Permanent Injunction.

D. Any proceedings instituted under this Paragraph IV are in addition to, and not in lieu of, any other civil or criminal remedies as may be provided by law, including any other proceedings that the FTC may initiate to enforce this Stipulated Judgment. In the event this matter is reopened pursuant to Paragraph IV.B, all other Paragraphs of this agreement shall remain in full force and effect.

## V. TRANSFER OF CUSTOMER LISTS

**IT IS FURTHER ORDERED** that Defendant and his successors, assigns, officers, agents, servants, employees, and those persons in active concert or participation with them who receive actual notice of this Order by personal service, facsimile, or otherwise, whether acting directly or through any corporation, subsidiary, division, or other device, are hereby permanently restrained and enjoined from selling, renting, leasing, transferring or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or

other identifying information obtained by the Defendant at any time prior to entry of this Order in connection with any business engaged in telemarketing; *provided, however,* that Defendant may disclose such identifying information to a law enforcement agency, or as required by any law, regulation or court order, or as may be necessary in connection with litigation or court proceedings.

## VI. ACKNOWLEDGMENT OF RECEIPT OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that Defendant, within five (5) business days of receipt of this Order as entered by the Court, must submit to the Commission a truthful sworn statement acknowledging receipt of this Order, together with his taxpayer identification number(s) (Social Security Number(s) and Employer Identification Number(s)) and photocopies of all valid driver's licenses that he possesses, which will be used for reporting and compliance purposes.

## VII. DISTRIBUTION OF ORDER BY DEFENDANT

**IT IS FURTHER ORDERED** that, for a period of three (3) years from the date of entry of this Order, Defendant shall deliver copies of this Order as directed below:

A. **Defendant Alex McKaughn as Control Person**: For any business that Defendant Alex McKaughn controls, directly or indirectly, or in which he has a majority ownership interest, Defendant must deliver a copy of this Order to all principals, officers, directors and managers of that business. Defendant Alex McKaughn must also deliver copies of this Order to all employees, agents and representatives of that business who engage in conduct related to the subject matter of the Order. For current personnel, delivery shall be within five (5) days of service of this Order upon Defendant. For new personnel, delivery shall occur prior to their assumption of their responsibilities;

B.  **Defendant Alex McKaughn as employee or non-control person**: For any business where Defendant Alex McKaughn is not a controlling person of the business, but for which he otherwise engages in conduct related to the subject matter of this Order, Defendant Alex McKaughn must deliver a copy of this Order to all principals and managers of such business before engaging in such conduct; and

C.  Defendant must secure a signed and dated statement acknowledging receipt of the Order within thirty (30) days of delivery, from all persons receiving a copy of the Order pursuant to this Paragraph VII.

## VIII. COMPLIANCE REPORTING BY DEFENDANT

**IT IS FURTHER ORDERED** that, in order that compliance with the provisions of this Order may be monitored:

A.  For a period of three (3) years from the date of entry of this Order,

1.  Defendant Alex McKaughn shall notify the Commission of the following:

a.  Any changes in his residence, mailing addresses, and telephone numbers, within ten (10) days of the date of such change;

b.  Any changes in his employment status (including self-employment), and any change in his ownership in any business entity, within ten (10) days of the date of such change. Such notice shall include the name and address of each business that he is affiliated with, employed by, creates or forms, or performs services for; a statement of the nature of the business; and a statement of his duties and responsibilities in connection with the business or employment; and

c. Any changes in his name or use of any aliases or fictitious names;

and

2. Defendant Alex McKaughn shall notify the Commission of any changes in the corporate structure of any business entity that he directly or indirectly controls, or has an ownership interest in, that may affect compliance obligations arising under this Order, including but not limited to a dissolution, assignment, sale, merger, or other action that would result in the emergence of a successor entity; the creation or dissolution of a subsidiary, parent or affiliate that engages in any acts or practices subject to this Order; the filing of a bankruptcy petition; or a change in corporate name or address at least thirty (30) days prior to such change; ***provided that***, with respect to any such proposed change about which the Defendant learns less than thirty (30) days prior to the date such action is to take place, the Defendant shall notify the Commission as soon as is practicable after obtaining such knowledge;

B. One hundred eighty (180) days after the date of entry of this Order, Defendant Alex McKaughn shall provide a written report to the Commission, sworn to under penalty of perjury, setting forth in detail the manner and form in which he has complied and is complying with this Order. This report shall include, but not be limited to:

1. His then-current residence address, mailing addresses, and telephone numbers;

2. His then-current employment and business addresses and telephone numbers, a description of the business activities of each such employer or

business, and the title and responsibilities he has, for each such employer or business;

3. Any other changes required to be reported under Paragraph VIII.A;

4. A copy of each acknowledgment of receipt of this Order obtained pursuant to Paragraph VII.C; and

5. Any other changes required to be reported under Paragraph VIII.A;

C. For the purposes of this Order, Defendant shall, unless otherwise directed by the Commission's authorized representatives, mail all written notifications to the Commission to:

> Associate Director for Marketing Practices
> Federal Trade Commission
> 600 Pennsylvania Ave. N.W. - Rm. H-238
> Washington, DC 20580
>
> Re: <u>FTC v. Telephone Protection Agency, et. al.</u>,
> Civil Action No. 5:04cv49; and

D. For purposes of the compliance reporting required by this Paragraph VIII, the Commission is authorized to communicate directly with Defendant.

## IX. RECORD KEEPING PROVISIONS

**IT IS FURTHER ORDERED** that, for a period of six (6) years from the date of entry of this Order, in connection with any business that Defendant Alex McKaughn directly or indirectly controls or has a majority ownership interest in, Defendant and his agents, employees, officers, corporations, successors, and assigns, and those persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, are hereby restrained and enjoined from failing to create and retain the following records:

A. Accounting records that reflect the cost of goods or services sold, revenues

generated, and the disbursement of such revenues;

B. Personnel records accurately reflecting: the name, address, and telephone number of each person employed in any capacity by such business, including as an independent contractor; that person's job title or position; the date upon which the person commenced work; and the date and reason for the person's termination, if applicable;

C. Customer files containing the names, addresses, telephone numbers, dollar amounts paid, quantity of items or services purchased, and description of items or services purchased, to the extent such information is obtained in the ordinary course of business;

D. Complaints and refund requests (whether received directly, indirectly or through any third party) and any responses to those complaints or requests;

E. Copies of all sales scripts, training materials, advertisements, or other marketing materials;

F. All authorizations from consumers for the purchase of goods or services sold by Defendant, or any of his agents, apparent agents or independent contractors; and

G. All records and documents necessary to demonstrate full compliance with each provision of this Order, including but not limited to copies of acknowledgments of receipt of this Order required by Paragraph VII.C, and all reports submitted to the Commission pursuant to Paragraphs VIII and X.

## X. COMPLIANCE MONITORING

**IT IS FURTHER ORDERED** that, for the purpose of monitoring and investigating compliance with any provision of this Order:

A.  Within ten (10) days of receipt of written notice from a representative of the Commission, Defendant Alex McKaughn shall submit additional written reports, sworn to under penalty of perjury; produce documents for inspection and copying; appear for deposition; and/or provide entry during normal business hours to any business location in his possession or direct or indirect control to inspect the business operation;

B.  In addition, the Commission is authorized to monitor compliance with this Order by all other lawful means, including but not limited to the following:

1.  Obtaining discovery from any person, without further leave of court, using the procedures prescribed by Fed. R. Civ. P. 30, 31, 33, 34, 36, and 45; and

2.  Posing as consumers and suppliers to: the employees of Defendant Alex McKaughn; or any other entity managed or controlled in whole or in part by Defendant Alex McKaughn, without the necessity of identification or prior notice; and

C.  Defendant Alex McKaughn shall permit representatives of the Commission to interview any employer, consultant, independent contractor, representative, agent, or employee who has agreed to such an interview, relating in any way to any conduct subject to this Order. The person interviewed may have counsel present.

***Provided, however,*** that nothing in this Order shall limit the Commission's lawful use of compulsory process, pursuant to Sections 9 and 20 of the FTC Act, 15 U.S.C. §§ 49, 57b-1, to

obtain any documentary material, tangible things, testimony, or information relevant to unfair or deceptive acts or practices in or affecting commerce (within the meaning of 15 U.S.C. § 45(a)(1)).

## XI. FEES AND COSTS

**IT IS FURTHER ORDERED** that each party to this Order, having agreed to do so, shall bear its own costs and attorneys' fees incurred in connection with this action.

## XII. RETENTION OF JURISDICTION

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this matter for the purpose of construction, modification and enforcement of this Order.

**FOR THE PLAINTIFF:**

William Blumenthal
General Counsel

_____ Date 7/19/05
Russell Deitch
Craig Tregillus
Federal Trade Commission
600 Pennsylvania Ave. N.W. - Rm. 238
Washington, D.C. 20580

**FOR THE DEFENDANT:**

_____ Date: 5/2/05
Harold J. Bender
Law Offices of Harold J. Bender
200 North McDowell Street
Charlotte, North Carolina 28204
Attorney for Defendant Alex McKaughn

_____ Date: 4/22/2005
Alex McKaughn, Individually

SO ORDERED this 29th day of July, 2005.

_____
THE HONORABLE RICHARD L. VOORHEES
UNITED STATES DISTRICT JUDGE

# Certificate of Service by Mail

I, Russell Deitch, certify as follows:

I am over the age of 18 years and am not a party to this action.

I work for the Federal Trade Commission in Washington, D.C. My business address is as follows: Federal Trade Commission, 6th Street and Pennsylvania Ave., N.W., Room 238, Washington, D.C. 20580. On July 19, 2005 I certify that I caused the Stipulated Judgment with Alex McKaughn to be served on the following attorney by overnight mail at the following addresses:

Harold J. Bender
200 N. McDowell Street
Charlotte, NC 28204

Executed at Washington, D.C. on July 19, 2005.

*Russell Deitch*

Russell Deitch